KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
klenhard@bhfs.com
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
tpeterson@bhfs.com
SCOTT M. SCHOENWALD, ESQ.
Nevada Bar No. 5484
sschoenwald@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135
*Attorneys for Defendants City of Henderson, Nevada, Jutta Chambers, Garrett Poinier, Ronald Feola, Ramona Walls, Angela Walter, Christopher Worley, and Janette R. Reyes-Speer*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY MITCHELL, LINDA MITCHELL, and MICHAEL MITCHELL<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HENDERSON, NEVADA; JUTTA CHAMBERS, individually and in her official capacity as Chief of the Henderson Police Department, GARRETT POINIER, RONALD FEOLA, RAMONA WALLS, ANGELA WALKER, and CHRISTOPHER WORLEY, individually and in their official capacities as Henderson police officers; CITY OF NORTH LAS VEGAS, NEVADA; JOSEPH CHRONISTER, individually and in his official capacity as Chief of the North Las Vegas Police Department; MICHAEL WALLER, DREW ALBERS, DAVID CAWTHORN, ERIC ROCKWELL, AND /F/N/U SNYDER, individually and in their official capacities as North Las Vegas police officers; JANETTE R. REYES-SPEER; DOE individuals 1-40, jointly and severally; and ROE CORPORATIONS 1-40 jointly and severally,<br><br>Defendants. | Case No.: 2:13-cv-01154-APG-CWH<br><br>**JOINT MOTION TO STAY DISCOVERY; AFFIDAVIT AND CERTIFICATION OF TAMARA BEATTY PETERSON, ESQ. IN SUPPORT THEREOF**<br><br>**(Second Request)** |

1

Defendants City of Henderson, Nevada, Jutta Chambers, Garrett Poinier, Ronald Feola, Ramona Walls, Angela Walter, Christopher Worley, and Janette R. Reyes-Speer (collectively the "Henderson Defendants"), by and through their attorneys of record, the law firm of Brownstein Hyatt Farber Schreck, LLP, Plaintiffs Anthony Mitchell, Linda Mitchell and Michael Mitchell (collectively the "Plaintiffs"), by and through their attorneys of record, the law firm of Cofer, Geller & Durham, LLC, and Defendants City of North Las Vegas, Joseph Chronister, Sergeant Michael Waller, Drew Albers, David Cawthorn, Eric Rockwell and Travis Snyder (collectively the "NLV Defendants"), by and through their counsel, the law firm of Lewis Brisbois Bisgaard & Smith, hereby file this Joint Motion to Stay Discovery and Affidavit and Certification of Tamara Beatty Peterson In Support Thereof.

This Motion is based on Rule 26 of the Federal Rules of Civil Procedure, the following Memorandum of Points and Authorities, the previously-filed Motion to Dismiss First Amended Complaint, and the Affidavit and Certification of Tamara Beatty Peterson, Esq.

DATED this 17th day of March, 2014.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: /s/ Tamara Beatty Peterson
KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
klenhard@bhfs.com
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
tpeterson@bhfs.com
SCOTT M. SCHOENWALD, ESQ.
Nevada Bar No. 5484
sschoenwald@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135
*Attorneys for Defendants City of Henderson, Nevada, Jutta Chambers, Garrett Poinier, Ronald Feola, Ramona Walls, Angela Walter, Christopher Worley, and Janette R. Reyes-Speer*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 17, 2013, the parties initiated discussions regarding a stipulation to extend discovery deadlines. (*See* Affidavit and Certification of Tamara Beatty Peterson, Esq. [hereinafter "Peterson Aff."], ¶ 3, filed concurrently herewith.) On December 19 and 20, 2013, counsel for Henderson Defendants sent to all parties a draft of the Stipulation and (Proposed) Order to Extend Time to Hold Fed. R. Civ. P. 26(f) and Local Rule 26-1 Discovery Conference and Stipulated Discovery Plan and Scheduling Order ("Stipulation and (Proposed) Order"). (*See id.* at ¶¶ 4-5; *see also* Dkt. 24.) All parties approved the draft and Henderson Defendants filed the Stipulation and (Proposed) Order on behalf of all parties on December 20, 2013. (*See id.*) Among other things, the parties stipulated that "it is in the best interest of all parties to await the Court's ruling on the [Henderson Defendants'] Motion to Dismiss [First Amended Complaint] prior to setting discovery deadlines and incurring the time and expense of disclosing documents in the event that the Court dismisses the action in whole or in part." (Dkt. 24 at ¶ 5.)

To date, the Court has not approved the parties' Stipulation and (Proposed) Order, and meanwhile the parties' agreed-upon deadline to submit a stipulated discovery plan and scheduling order (March 12, 2014) has passed. (*See id.* at ¶6.) Therefore, the parties file the present Joint Motion to Stay Discovery to request a limited stay until the Court rules on the Motion to Dismiss First Amended Complaint ("Motion to Dismiss"), with the belief and understanding that all parties to this litigation agree that the pending Motion to Dismiss is comprehensive and further agree that it would be inefficient to begin discovery at this time in light of the complexity of the constitutional claims against multiple defendants.

## II. FACTUAL BACKGROUND

Plaintiffs filed the initial Complaint in this action on July 1, 2013. (Dkt. 1.) Plaintiffs then filed the First Amended Complaint ("FAC") on October 14, 2013, and served all defendants on October 21, 2013. (Dkt. 3, 13.) Plaintiffs' 266-paragraph FAC alleges twenty-two claims, including constitutional violations under 42 U.S.C. §§ 1983 and 1988, the First, Third, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and other violations under

3

the laws of the State of Nevada arising from the police response to a domestic violence dispute on July 10, 2011. (Dkt. 3 at ¶¶ 19-20.) The Henderson Defendants filed a timely Motion to Dismiss (joined by all Defendants) on November 12, 2013. (Dkt. 17.) The Motion to Dismiss seeks dismissal of Plaintiffs' First Amended Complaint on the following grounds, among others:

First, the Henderson Defendants sought dismissal on grounds that Henderson Defendants are entitled to either absolute, qualified, or discretionary immunity; (*Id.* at 34:1–35:4, 36:3–37:17, 39:2–40:5);

Second, the Henderson Defendants sought dismissal on the basis that Plaintiffs failed to plead how Henderson Defendants' purported violation of Plaintiffs' constitutional rights was the product of a custom, practice, or policy of the City of Henderson for Section 1983 purposes; (*Id.* at 16:5–18:10); and,

Third, the Henderson Defendants sought dismissal on the basis that Plaintiffs failed to state claims upon which relief can be granted. (*See generally Id.*)

Pursuant to Local Rule 26-1(d), the plaintiffs shall initiate "the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears." As noted above, on November 12, 2013, the Henderson Defendants filed their Motion to Dismiss (Dkt. 17), which made the deadline to hold the Fed. R. Civ. P. 26(f) meeting December 12, 2013.

Furthermore, pursuant to Local Rule 26-1(d), "the parties shall submit a stipulated discovery plan and scheduling order" fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, which made the deadline for submission of the stipulated discovery plan and scheduling order due on or before December 27, 2013.

The Henderson Defendants' Motion to Dismiss (Dkt. 17) seeks to, among other things, dismiss this action in its entirety. Additionally, all remaining defendants filed a joinder (Dkt. 23) on December 12, 2013. Plaintiffs filed their Opposition (Dkt. 31) on February 26, 2014; and the Henderson Defendants filed their Reply (Dkt. 35) on March 7, 2014, to which the NLV Defendants joined (Dkt. 36) on March 10, 2014.

As the Motion to Dismiss is comprehensive and it will be inefficient to begin discovery while it is pending, the parties initially stipulated and agreed to postpone that Local Rule 26-1

4

Discovery Conference and Stipulated Discovery Plan and Scheduling Order. On December 20, 2013, the Henderson Defendants, on behalf of all parties, filed a Stipulation and (Proposed) Order to Extend Time (Dkt. 24.) As the proposed order was never entered, the parties now jointly seek to stay discovery.

## III. ARGUMENT

### A. Standards Governing Discovery Stay Requests.

Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potentially dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). A stay of discovery is particularly appropriate where, as is the case here, a pending motion to dismiss raises threshold issues of immunity, jurisdiction, or venue. *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue or immunity are preliminary issues."); *Little*, 863 F.2d at 685 (upholding the district court's stay of discovery until the issue of immunity was decided and noting that "[t]he stay furthers the goal of efficiency for the court and litigants"); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 507 (D. Nev. 2013) ("Qualified immunity is an immunity from suit rather than a mere defense to liability, and the Supreme Court repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (internal quotations omitted).

Consistent with this well-settled principle, courts in this district have granted motions to stay discovery pending resolution of motions to dismiss based on the defendant's immunity and other such preliminary issues. *Ministerio Roca Solida*, 288 F.R.D. at 507 (stating that threshold immunity issues should be decided before the parties engage in discovery) ; *Tradebay*, 278 F.R.D. at 602, 608) (staying discovery based on the filing of a motion to dismiss challenging subject matter jurisdiction and the motion was "potentially dispositive of the entire case").

B. **The Henderson Defendants' Motion To Dismiss Raises The Preliminary Issue Of Immunity And Can Be Decided Without Discovery.**

Courts in the District of Nevada recognize that it is within this Court's discretion to stay discovery, including the requirement to file a Discovery Plan and Scheduling Order, when (1) there is a motion to dismiss pending that raises questions of immunity, jurisdiction, or venue, and (2) discovery is not required before the motion to dismiss can be decided. *See Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court...") (citing *Munoz-Santana v. INS.*, 742 F.2d 561, 562 (9th Cir. 1984); *see also Ministerio Roca Solida*, 288 F.R.D. at 506 ("discovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law...") (internal quotations omitted).

Here, the Henderson Defendants' Motion to Dismiss is potentially dispositive and raises the issue of immunity. Moreover, this Court's supplemental jurisdiction over state law claims may be questioned if all federal claims are dismissed pursuant to the Motion to Dismiss. Finally, the parties' agreement to the proposed stay is confirmation that discovery is unnecessary to decide at least some of the issues raised in the Motion to Dismiss. (*See* Dkt. 24.) As such, it is within the Court's power to grant a stay of discovery at this time.

C. **It Would Be Burdensome To Have Discovery Begin Since The Parties Have Agreed To Stay Discovery.**

Because the parties have agreed to a stay, it follows that it would be burdensome and unfair to have the parties bear the burden and expense of time-consuming and costly discovery. Indeed, Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding." (Emphasis added). Thus, staying discovery in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure.

...

...

## IV. CONCLUSION

Based on the foregoing, the parties, and each of them, respectfully request that the Court stay discovery pending the resolution of the Motion to Dismiss First Amended Complaint.

DATED: March 17, 2014

By: /s/ Tamara Beatty Peterson
    KIRK B. LENHARD, ESQ.
    Nevada Bar No. 1437
    klenhard@bhfs.com
    TAMARA BEATTY PETERSON, ESQ.
    Nevada Bar No. 5218
    tpeterson@bhfs.com
    SCOTT M. SCHOENWALD, ESQ.
    Nevada Bar No. 5484
    sschoenwald@bhfs.com
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
    100 North City Parkway, Suite 1600
    Las Vegas, Nevada 89106
    Telephone: 702.382.2101
    Facsimile: 702.382.8135
    *Attorneys for Defendants City of Henderson, Nevada, Jutta Chambers, Garrett Poinier, Ronald Feola, Ramona Walls, Angela Walter, Christopher Worley, and Janette R. Reyes-Speer*

DATED: March 17, 2014

By: /s/ Frank H. Cofer
    BENJAMIN C. DURHAM, ESQ.
    Nevada Bar No. 7684
    bdurham@vegasdefense.com
    FRANK H. COFER, III, ESQ.
    Nevada Bar No. 11362
    fcofer@vegasdefense.com
    COFER, GELLER & DURHAM, LLC
    601 South Tenth Street
    Las Vegas, Nevada 89101
    *Attorneys for Plaintiffs*

DATED: March 17, 2014

By: /s/ Robert W. Freeman, Jr.
    ROBERT W. FREEMAN, JR.
    Nevada Bar. 3062
    kfreeman@lbbslaw.com
    LEWIS BRISBOIS BISGAARD & SMITH
    Nevada Bar No. 3062
    6385 S. Rainbow, Suite 600
    Las Vegas, NV 89118
    *Attorneys for Defendants City of North Las Vegas, Joseph Chronister, Sergeant Michael Waller, Drew Albers, David Cawthorn, Eric Rockwell and Travis Snyder*

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **JOINT MOTION TO STAY DISCOVERY; AFFIDAVIT OF TAMARA BEATTY PETERSON, ESQ. IN SUPPORT THEREOF** was served via electronic service on the date and to the addresses shown below:

BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
FRANK H. COFER, III, ESQ.
Nevada Bar No. 11362
COFER, GELLER & DURHAM, LLC
601 South Tenth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

ROBERT W. FREEMAN, JR.
LEWIS BRISBOIS BISGAARD & SMITH
Nevada Bar No. 3062
6385 S. Rainbow, Suite 600
Las Vegas, NV 89118
*Attorneys for Defendants City of North Las Vegas, Joseph Chronister, Sergeant Michael Waller, Drew Albers, David Cawthorn, Eric Rockwell and Travis Snyder*

DATED this 17th day of March, 2014.

/s/ Erin Parcells
an employee of Brownstein Hyatt Farber Schreck, LLP

**AFFIDAVIT AND CERTIFICATION OF TAMARA BEATTY PETERSON, ESQ.**

State of Nevada      )
                     : ss
County of Clark      )

TAMARA BEATTY PETERSON, ESQ., having been sworn under the penalty of perjury, deposes as follows:

1. I am a shareholder at the law firm of Brownstein Hyatt Farber Schreck LLP, attorneys of record for Defendants City of Henderson, Nevada, Jutta Chambers, Garrett Poinier, Ronald Feola, Ramona Walls, Angela Walter, Christopher Worley, and Janette R. Reyes-Speer (collectively the "Henderson Defendants"), in the above captioned action. I make this Affidavit and Certification in support of the Joint Motion To Stay Discovery.

2. I have personal knowledge of the subject matter of this Affidavit and, if called as a witness about this subject matter, I could and would testify competently thereto.

3. On December 17, 2013, I telephoned and emailed Frank Cofer, Esq., counsel for Plaintiffs, to discuss a stipulation to extend discovery deadlines.

4. On December 19, 2013, I sent to Plaintiffs' Counsel, Frank Cofer, Esq. a draft of the Stipulation and (Proposed) Order to Extend Time to Hold Fed. R. Civ. P. 26(f) and Local Rule 26-1 Discovery Conference and Stipulated Discovery Plan and Scheduling Order ("Stipulation and (Proposed) Order") (Dkt. 24). Mr. Cofer approved the draft the same day.

5. On December 20, 2013, I sent to Robert Freeman, Esq., counsel for remaining Defendants, a draft of the Stipulation and (Proposed) Order (Dkt. 24). Mr. Freeman approved the draft the same day.

6. On December 20, 2013, I filed the Stipulation and (Proposed) Order on behalf of all parties. (Dkt. 24.)

7. On March 11, 2014 and March 14, 2014 pursuant to Local Rule 26-7(b) and Rule 26(c)(1), I certify that I conferred in good faith with all counsel regarding staying discovery and regarding a motion to stay discovery. Counsel, including counsel for Plaintiffs, agreed that a stay of discovery was necessary and appropriate pending the Court's decision on the Motion to

9

Dismiss First Amended Complaint. The parties agreed to file this joint motion seeking such relief.

8. All parties to this litigation agree that the pending Motion to Dismiss is comprehensive and further agree that it would be inefficient to begin discovery at this time.

9. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 17th day of March, 2014.

_____
TAMARA BEATTY PETERSON, ESQ.

Subscribed and sworn before me
this 17th day of March, 2014.

_____
NOTARY PUBLIC

016164\0012\10953005.4



ERIN L. PARCELLS
Notary Public State of Nevada
No. 06-104446-1
My appt. exp. Mar. 14, 2018

10