# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY MITCHELL, et al., )
        Plaintiffs, )  Case No. 2:13-cv-01154-APG-CWH
vs. ) **ORDER**
CITY OF HENDERSON, et al., )
        Defendants. )

       This matter is before the Court on the parties' Joint Motion to Stay Discovery (#38), filed March 17, 2014. The parties originally initiated discussions regarding a discovery plan on or around December 17, 2013, approximately one month after Defendants filed their comprehensive motion to dismiss (#17). All Defendants have joined the pending motion to dismiss. Noting that the motion to dismiss raises important preliminary issues of immunity, the parties request that discovery be stayed pending resolution of the motion.

       Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

1  Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*).
Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (*quoting Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues. *Id*. In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

The Court finds that the Defendants have made the necessary showing to support a stay of discovery. There is no indication that the issues presented in the pending motion to dismiss require discovery. Indeed, Plaintiffs have stipulated to the stay. The undersigned notes that the motion to dismiss raises important preliminary questions of immunity and jurisdiction, which commonly support the stay of discovery. *Id.* Additionally, the parties agree discovery is not necessary to aid the determination of the motion to dismiss. Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Stay Discovery (#38) is **granted**.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Stay Discovery (#24) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties shall submit a written joint status report

within fourteen (14) days after an order has been entered on the pending motion to dismiss (#17).

DATED: March 20, 2014.

                                                                            _____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**