BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
BENJAMIN DURHAM LAW FIRM
601 South Tenth Street
Las Vegas, Nevada 89101
(702) 631-6111
(702) 946-1396 (fax)
bdurham@vegasdefense.com

FRANK H. COFER, ESQ.
Nevada Bar No. 11362
COFER & GELLER, LLC
601 South Tenth Street
Las Vegas, Nevada 89101
(702) 777-9999
(702) 777-9995 (fax)
fcofer@cofergeller.com

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
bmainor@mainorwirth.com
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
jwirth@mainorwirth.com
6018 S. Ft. Apache Rd., Ste. 150
Las Vegas, Nevada 89148
(702) 464-5000
(702) 463-4440 (fax)
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY MITCHELL, LINDA MITCHELL, AND MICHAEL MITCHELL,<br><br>*Plaintiffs,*<br><br>*vs.*<br><br>CITY OF HENDERSON, NEVADA, et al.,<br><br>*Defendants.* | Case No.:  2:13-cv-01154-APG-CWH<br><br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

1

COME NOW the Plaintiffs, ANTHONY MITCHELL, LINDA MITCHELL, and MICHAEL MITCHELL, by and through their undersigned counsel, and respectfully move this Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a) and Rule 15-1 of the Local Rules of Civil Practice, for leave to file a Second Amended Complaint. This motion is based on FRCP 15, Local Rule of Civil Practice 15-1, the documents and pleadings on file herein, and the following Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

This case arises out the warrantless entry and search of Plaintiffs ANTHONY MITCHELL, LINDA MITCHELL, and MICHAEL MITCHELL's homes and the subsequent unlawful arrests of MICHAEL and ANTHONY MITCHELL by police officers of the Henderson and North Las Vegas police departments on July 10, 2011. Plaintiffs now seek leave to file their Second Amended Complaint (a redacted version of which is filed herewith as Exhibit 1). The Second Amended Complaint names defendants previously identified as Doe defendants and deletes those claims that were previously dismissed with prejudice by the Court. An unredacted copy of the proposed Second Amended Complaint will be filed under seal following leave of court, which has been requested by stipulation of the parties. A copy of the redacted and unredacted versions of the SAC has previously been provided to all parties.

### II. Procedural History

On July 1, 2013, the Plaintiffs filed their Complaint (Dkt. #1) initiating this lawsuit alleging numerous constitutional and state law causes of action. On October 14, Plaintiffs filed their First Amended Complaint ("FAC", Dkt. #3). Therein, Plaintiffs claimed violations of Plaintiffs' (1) First Amendment, (2) Third Amendment (3) Fourth Amendment, (4) Eighth

Amendment, and (5) Fourteenth Amendment rights. Plaintiffs also asserted state law claims for: (1) intentional and negligent infliction of emotional distress; (2) negligent hiring, training, and supervising; (3) assault (4) battery (5) false arrest; (6) civil conspiracy; (7) abuse of process; (8) malicious prosecution; and (9) respondeat superior.

The Henderson Defendants, joined by the North Las Vegas Defendants, subsequently moved to dismiss all claims against them. *See* Motion to Dismiss, Dkt. 17. On February 2, 2015, this Court partially granted and partially denied the motion. *See* Order, Dkt. 48.

On March 14, 2016, Plaintiffs filed a Motion for Leave to File Second Amended Complaint ("Motion," Dkt. 71), attaching as an exhibit (Dkt. 71-1) a proposed Second Amended Complaint ("SAC") on the court's public docket. Because the proposed SAC attached to the Motion contravened the protective order in this case (Dkt. 62) by referencing the content of confidential documents produced by Defendant City of Henderson in discovery, the parties took steps to have the Motion and SAC stricken from the docket. *See* Dkt. 72, Dkt. 73, Dkt. 74. Following an order by the court (Dkt. 73), the parties subsequently met and conferred and reached an agreement regarding which portions of the proposed SAC violate the protective order, which Plaintiffs agreed to redact. The parties subsequently stipulated (Dkt. 79) that Plaintiffs would refile the Motion with the redacted SAC (filed herewith as Exhibit 1) by April 1, 2016, and that Plaintiffs will file the unredacted SAC with the court under seal following the court's order on the stipulation.

The Plaintiffs now move for leave to file the attached redacted SAC in accordance with the stipulation (Dkt. 79) between the parties.

\\

\\

### III. LEGAL STANDARD

Federal Rules of Civil Procedure 15 and 20 govern amendment and the permissive joinder of parties. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (stating that a motion to add parties invokes Rules 15 and 20). The purpose of Rule 15 "is to facilitate a determination of the action on its merits." 6 Wright, Miller & Kane, Federal Practice & Procedure § 1488 (3rd 2010); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Under Rule 15(a)(2),[1] a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court directs lower "courts [to] interpret [Rule 15] liberally and permit an amendment whenever doing so will effectuate the underlying purpose of the rule." *Brandon v. Holt*, 469 U.S. 464, 472 (1985) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) ("[T]here is a strong policy of liberally allowing amendments pursuant to Rule 15(a)").

However, leave to amend is not absolute. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Among the factors weighing against allowing parties to amend are undue delay, prejudice to the opposing party, and futility. *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971) (stating that the trial court is "required" to take potential prejudice into account). A showing of the *Forman* factors overcomes the presumption in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[1] Rule 15(a)(1) is inapplicable because "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." *See* FED. R. CIV. P. 15, Advisory Committee Notes (2009 Amendments).

Similarly, Rule 20(a)(2) permits permissive joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). There is no bright-line definition of "transaction," "occurrence," or "series." *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. *Id.* Joinder in a single case may be appropriate—even though there might be different occurrences—if the claims involve enough related operative facts. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not such much upon the immediateness of their connection as upon their logical relationship."). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

### IV. ARGUMENT

Pursuant to the stipulated discovery deadlines (Dkt. #68), Plaintiffs had until March 14, 2016 to amend their First Amended Complaint to add facts and parties sufficient to state plausible claims for causes of action not dismissed by the Court with prejudice on February 2, 2015. The proposed Second Amended Complaint was attached as an exhibit to a motion to amend that was timely filed on March 14, 2016, but which was withdrawn and is now refiled. For the reasons previously described in the procedural history, *supra*, the parties stipulated to "waive their right to challenge the timeliness of the Refiled Motion as it relates to the necessity

to refile the Motion […]" while "reserv[ing] all of their rights to challenge the timeliness of the relief sought in the Refiled Motion in all other respects." See Dkt. 79. Because the contents of the proposed SAC are materially unchanged and the original document was timely served on all parties on March 14, 2016, this motion is timely under the operant discovery deadlines (Dkt. 68).

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendments and provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962); *DCD Programs, Ltd., et. al. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

In *Davis*, the Supreme Court set forth the standard to be applied in determining whether leave to amend a complaint should be granted, stating:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as this rule requires, be "freely given."

*Davis*, 371 U.S. at 182. *See also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Of the pertinent factors identified by the courts, prejudice to the opposing party is the most important to consider in determining whether leave to amend should be granted:

> However, unlike amendments as of course, amendments under Rule 15(a)(2) may be made at any stage of the litigation. The only prerequisites are that the district court have jurisdiction over the case and an appeal must not be pending. If these two conditions are met, the court will proceed to examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit. If no prejudice is found, then leave normally will be granted.

6 C. Wright et al., Federal Practice and Procedure § 1484 (2010).

There is no prescribed "time limit within which a party may apply to the court for leave to amend." *Id.* at § 1488. Indeed:

> [T]he courts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. These include: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgment has been entered; and even on remand following an appeal.

*Id.* (citations omitted).

In the case at bar, the criteria for joinder under Rule 20(a) plainly are met because Plaintiffs, through the various causes of action set forth in their pleading, have raised facial constitutional and state tort claims against now known and specifically named defendants. *See* Fed. R. Civ. P. 20(a). The claims against these additional defendants are essentially the same as against the Doe Defendants named in the First Amended Complaint. Thus, the legal issues at stake are common to all the defendants.

Moreover, none of the other recognized *Davis* factors that might weigh against allowing a requested amendment applies to the present case. Most importantly, Defendants would not be prejudiced by allowing joinder of the named defendants, especially since the information identifying these defendants has been obtained from discovery materials produced by the defendant municipalities. Defendants will not be put to any additional burden or expense. Nor has there been any undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendment.

7

## V. CONCLUSION

For the reasons state above, Plaintiffs respectfully request that this Honorable Court grant their Motion for Leave to File Second Amended Complaint, and deem the proposed redacted Second Amended Complaint (attached hereto as Exhibit 1) and the proposed unredacted Second Amended Complaint (which will be promptly filed under seal if and when leave is granted by the Court pursuant to the stipulation of the parties in Dkt. 79) as effectively filed.

DATED this 1st day of April, 2016.

       /s/ Frank Cofer
BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
BENJAMIN DURHAM LAW FIRM
601 South Tenth Street
Las Vegas, Nevada 89101
(702) 631-6111
(702) 946-1396 (fax)
bdurham@vegasdefense.com

FRANK H. COFER, ESQ.
Nevada Bar No. 11362
COFER & GELLER, LLC
601 South Tenth Street
Las Vegas, Nevada 89101
(702) 777-9999
(702) 777-9995 (fax)
fcofer@cofergeller.com

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
bmainor@mainorwirth.com
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
jwirth@mainorwirth.com
6018 S. Ft. Apache Rd., Ste. 150
Las Vegas, Nevada 89148
(702) 464-5000
(702) 463-4440 (fax)
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of April, 2016, a true and correct copy of the foregoing document:

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

was served via the Court's CM/ECF system upon the following persons:

**TAMARA BEATTY PETERSON**
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Ste. 1600
Las Vegas, Nevada 89106
*Attorneys for Henderson Defendants*

**GREGORY S. BEAN**
Lewis Brisbois Bisgaard & Smith
6385 South Rainbow, Suite 600
Las Vegas, NV 89118
*Attorneys for North Las Vegas Defendants*

                    */s/ Frank Cofer*
                    FRANK H. COFER, ESQ.