1  ROBERT W. FREEMAN
   Nevada Bar No. 3062
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
3  Las Vegas, Nevada 89118
   702.893.3383
4  Fax: 702.893.3789
   Attorneys for Defendant
5  City of North Las Vegas, Joseph Chronister,
   Michael Waller, Drew Albers. David Cawthorn,
6  Eric Rockwell, and Travis Snyder

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9                                  ***

10 ANTHONY MITCHELL, LINDA              CASE NO. 2:13-cv-01154-APG-CWH
   MITCHELL, and MICHAEL MITCHELL,
11                                      **JOINT PRETRIAL ORDER**
              Plaintiffs,
12
              vs.
13
   CITY OF HENDERSON, NEVADA; JUTTA
14 CHAMBERS, individually and in her capacity
   as Chief of the Henderson Police Department;
15 GARRETT POINER, RONALD FEOLA,
   RAMONA WALLS, ANGELA WALKER,
16 and CHRISTOPHER WORLEY, individually
   and in their official capacities as Henderson
17 police officers; CITY OF NORTH LAS
   VEGAS, NEVADA; JOSEPH CHRONISTER,
18 individually and in his official capacity as
   Chief of the North Las Vegas Police
19 Department; MICHAEL WALLER, DREW
   ALBERS, DAVID CAWTHORN, ERIC
20 ROCKWELL, F/N/U SNYDER, individually
   and in their official capacities as North Las
21 Vegas Police Officers; JANETTE R. REYER-
   SPEER; DOE individuals 1-40, jointly and
22 severally; and ROE CORPORATIONS 1-40
   joint and severally,
23
              Defendants.
24

25 .   .   .

26 .   .   .

27 .   .   .

28 .   .   .

Following pretrial proceedings in this case, pursuant to Local Rule 16-3 and 16-4, IT IS SO ORDERED:

# I.   STATEMENT OF ACTION

## A.   Nature of Action

### Plaintiffs' View

Plaintiffs Anthony Mitchell, Linda Mitchell and Michael Mitchell filed their Complaint on July 1, 2013 (ECF No. 1.) On October 14, 2013, they filed a First Amended Complaint. The First Amended Complaint included twenty-two (22) claims for relief. On February 2, 2015, the Court granted in part and denied in part the NLV Defendants' motion to dismiss. The remaining claims against the North Las Vegas Defendants includes the following Causes of Action: Count II - Violation of Civil Rights - Unlawful Entry into and Search of Anthony Mitchell's Home and Vehicle and the Unlawful Seizure and Arrest of Anthony Mitchell; Count III - Violation of Civil Rights - Use of Excessive Force Against Anthony Mitchell; Count X - Violation of Civil Rights - Custom, Policy and Practice; Count XIII - Assault; Count XIV - Battery; XV - False Arrest and Imprisonment; Count XVI – Intentional Infliction of Emotional Distress; and Count XVIII – Civil Conspiracy.  The counts alleging 4th amendment violations and section 1983 claims against Defendants remain.

This case arises out of an allegation of a domestic incident that took place on July 10, 2011 in Henderson, Nevada. The individual Defendants are members of the City of North Las Vegas Special Weapons and Tactics Team ("NLV SWAT"). On July 10, 2011, the Henderson Police Department called for assistance in dealing with an a man who refused the unlawful command to exit his home (but invited officers to join him inside) at 363 Evening Side Ave, in Henderson, NV.

The defendants (North Las Vegas Swat Team) responded to the scene to assist with the subject matter of the original call. Prior to the successful resolution of the domestic allegation, which ended without incident on the part of the domestic suspect, defendants unlawfully, forcibly entered plaintiff, Anthony Mitchell's home (two doors down the road to the primary subjects residence) without a warrant, without consent, without emergency exception justification, without evidence that any crime had been committed by plaintiffs and without exigency. Following an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

unlawful confrontation between Anthony Mitchell and the defendants, plaintiff Mitchell was arrested for various offenses relating to an alleged obstruction of the police. At the same time, defendants unlawfully entered the home of plaintiffs, Michael and Linda Mitchell, parents of plaintiff, Anthony Mitchell, located across the street from the alleged domestic violence subject. Michael was also unlawfully arrested and charged with various offenses relating to an alleged obstruction of the police. Linda Mitchell was seized by the arm and forcibly removed from her home, her purse, person and home were searched without warrant, consent, emergency exception, evidence that any crime had been committed by plaintiffs, exigency or other just cause.

In addition, the automobiles belonging to plaintiffs, Anthony Mitchell and Michael Mitchell were unlawfully entered and photographed without a warrant, consent, emergency exception, exigency, evidence that any crime had been committed by plaintiffs or other just cause.

All criminal charges against the plaintiffs were subsequently dismissed with prejudice and plaintiffs' filed the instant action alleging various civil rights violations including use of excessive force. The prior causes of action against the Henderson Police Department defendants, have been resolved by settlement leaving the remaining causes of action against the City of North Las Vegas Police Department and its officers, Defendants deny all causes of action.

**Defendants' View**

This case arises out of a barricade subject/hostage incident that took place on July 10, 2011, in Henderson, Nevada.  Plaintiff Anthony Mitchell alleges he was the victim of excessive force when NLV SWAT entered his home and took him into custody.  The individual Defendants are members of the City of North Las Vegas Special Weapons and Tactics Team ("NLV SWAT").

On July 1, 2013, Plaintiffs filed their initial complaint.  On October 14, 2014, they filed their first amended complaint.  The first amended complaint includes twenty-two (22) claims for relief.  On February 2, 2015, the Court granted in part and denied in part the NLV Defendants' motion to dismiss.  After the order on the motion to dismiss, the remaining causes of action against the NLV Defendants included violations of civil rights as to the alleged excessive force; unlawful entry into and search of Plaintiff's home; a claim for municipal civil rights liability; assault; battery; false arrest and imprisonment; intentional infliction of emotional distress; civil

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  conspiracy; and negligent hiring, retention, supervision, and training.

2        On October 10, 2016 NLV Defendants filed their motion for summary judgment.  On

3  January 10, 2017 Plaintiffs filed their response to Defendants' motion for summary judgment, and

4  on February 23, 2017 Defendants filed their reply in support of the motion for summary judgment.

5        On July 3, 2017, the Court entered its Order Granting in Part and Denying in Part

6  Defendants' Motion for Summary Judgment.  Specifically, the Court held that Defendants' motion

7  for summary judgement was granted as to Plaintiff's civil rights municipal liability claim as well

8  as his negligent hiring, retention, and supervision claim.  The motion was denied as to all other

9  claims.  The District Court also denied the NLV Defendants' request for qualified immunity.

10      **B.**      <u>**Relief Sought**</u>

11        Plaintiff seeks special and general damages as well as attorneys' fees and costs and such

12  other relief as the Court deems just and proper.

13        Defendants seek dismissal of Plaintiff's complaint with prejudice.

14      **C.**      <u>**Identification of the Parties**</u>

15        The parties consist of Anthony Mitchell and his parents, all of whom are were residents of

16  Clark County, Nevada at the time of the alleged incident.   The individual Defendants were

17  members of the City of North Las Vegas Special Weapons and Tactics Team ("NLV SWAT").

18      **D.**      <u>**Contentions of the Parties**</u>

19          **1.**      <u>**Plaintiff's Contentions**</u>

20        Plaintiff Anthony Mitchell contends that Defendants violated his civil rights by unlawfully

21  entering his home with malice and in bad faith, without a warrant, consent, emergency exception,

22  exigency, evidence that any crime had been committed by plaintiffs or other just cause; unlawfully

23  arresting him and unlawfully using excessive force. Plaintiff, Michael Mitchell contends that

24  defendants unlawfully entered his home and unlawfully caused him to be arrested. Plaintiff, Linda

25  Mitchell, contends that defendants unlawfully entered her home and unlawfully detained her,

26  restricting her liberty. Both plaintiffs, Anthony Mitchell and Michael Mitchell, were taken to the

27  police department solitary segregation unit (a special ward of the jail) and remained locked up

28  until they were able to post bond approximately 9 hours later.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

All plaintiffs contend that the defendants entered their automobiles unlawfully and photographed their contents with malice and in bad faith, without a warrant, consent, emergency exception, evidence that any crime had been committed by plaintiffs, exigency or other just cause.

Additionally, Plaintiffs contend that defendants' actions constitute state law actions of assault, battery, false arrest or imprisonment and detention, and intentional infliction of emotional distress. Plaintiffs contend they were detained and arrested without cause and that the actions of the defendants were extreme, outrageous, unlawful, oppressive, excessive, malicious and with a reckless disregard for plaintiffs rights and caused them emotional distress and other damages.

Further, plaintiffs have denied all affirmative defenses asserted by defendants which defendants have asserted in paragraph 2, below.

### 2. Defendant's Contentions

Defendants contend that they did not violate Plaintiffs' civil rights and did not commit the state law torts as alleged by Plaintiffs.

Defendants generally deny Plaintiff's allegations set forth herein and incorporate by reference the denials set forth in Defendants' Answer to Plaintiff's First Amended Complaint on file with the Court in this matter.  Defendants raised the following Affirmative Defenses:

1. Plaintiffs' First Amended Complaint fails to state a cause of action against these answering Defendants upon which relief can be granted.

2. The damages sustained by Plaintiffs, if any, were actually and proximately caused by acts of third persons who were not agents, servants or employees of these answering Defendants and who were not acting on behalf of these Defendants in any manner or form and as such, these Defendants are not liable in any manner to Plaintiffs.

3. The Defendant police officers' use of force was reasonable and justified under the circumstances alleged and was perfected pursuant to the officers' reasonable fear for their own safety and/or the safety of others.

4. At the time and under the circumstances alleged in the Complaint, the Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

police officers held an objective good faith belief that their actions were reasonable, privileged and justified.

5.      The actions of these answering Defendants were objectively reasonable.

6.      These answering Defendants did not breach any duty of care owed to Plaintiffs.

7.      The damages and injuries sustained by Plaintiffs, if any, were the result of an unavoidable accident.

8.      The Defendant police officers are entitled to qualified immunity for Plaintiffs' claims brought pursuant to 42 U.S.C., Section 1983.

9.      The damages claimed by Plaintiffs, if any, are speculative, are not supported by proof and thus, not compensable as a matter of law.

10.     These answering Defendants did not enact any policy, statute, ordinance, plan, or custom which violated Plaintiffs' constitution rights.

11.     Under 42 U.S.C., Section 1983, Defendant City of North Las Vegas and any police officer named in his official capacity are not liable for the claims made by Plaintiffs absent an official policy, custom, practice or scheme which was the legal and proximate cause of Plaintiffs' constitutional deprivation as discussed in Monell v. Department of Social Services of New York, 436 U.S. 658 (1978).

12.     These answering Defendants did not act with deliberate indifference to Plaintiffs' constitutional rights.

13.     Plaintiffs' causes of action are barred by the Tenth or Eleventh Amendment.

14.     Plaintiffs' causes of action are unsupported in fact and law because they have not alleged a sufficient basis from which a constitutional interest might arise.

15.     Plaintiffs' causes of action are barred by the Governmental Immunity Statutes of Nevada Revised Statute Chapter 41.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

16.     NRS 41.035(1) limits the damages that may be collected against a political subdivision of the State of Nevada and/or its officers and employees.

17.     NRS 41.035(1) precludes any award for exemplary or punitive damages against a political subdivision of the State of Nevada.

18.     NRS 41.032(2) precludes any award that is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty against a political subdivision of the State of Nevada and/or its officers.

19.     Defendant City of North Las Vegas is not subject to punitive damages.

20.     Any individual defendant is immune from punitive damages arising from Plaintiffs' state law claims pursuant to N.R.S. 41.035.

21.     Plaintiffs must prove their claim for punitive damages by clear and convincing evidence of willful and malicious or intentionally fraudulent conduct or conduct that manifests a knowing and reckless disregard toward, and a disregard of, the rights of others.

22.     No act or omission of these answering Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

23.     Although there is no basis for an award of punitive damages, any punitive damage award is limited by NRS 42.005.

24.     To the extent Plaintiffs' causes of action against these answering Defendants sound in negligence, no recovery can be predicated upon 42 U.S.C., Section 1983.

25.     The conduct of the police officers in exercising force, if any, was reasonable and permissible under the limits of state and federal law, and its use was therefore privileged from any civil liability.

26.     The use of force by the police officers occurred because the officers involved reasonably believed that such force was necessary to protect their safety and/or the safety of


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

others.

27.     The actions of the police officers herein were privileged to the extent that they could use that force reasonably necessary to respond to the situation with which they were confronted.

28.     Defendants are not liable under 42 U.S.C. Section 1983 under a theory of respondeat superior.

29.     The damages and injuries claimed by Plaintiffs, if any, were caused in whole or in part by their own actions.

30.     Defendants have been forced to retain the services of an attorney in defense of Plaintiffs' Complaint, incurring expenses for legal fees, court costs, and for fees for other professionals for which Plaintiffs are responsible.

31.     Pursuant to F.R.C.P. 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' answer and, therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation warrants.

## II.     STATEMENT OF JURISDICTION

1.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' causes of action arising under 42 U.S.C. § 1983 and due to the deprivation of rights, privileges, and immunities secured to Plaintiffs under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

2.   This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under Nevada state law pursuant to 28 U.S.C. § 1367.

## III.    ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

**For Plaintiffs:**


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1.      Plaintiff, Anthony resided at 367 Evening Side Avenue, Henderson, Nevada at the time of the incident.

2.      Plaintiffs, Michael Mitchell and Linda Mitchell, resided at 362 Evening Side Avenue, Henderson, Nevada at the time of the incident.

3.      On July 10, 2011, the Henderson Police Department called the NLVPD SWAT team for assistance in dealing with a domestic incident at 363 Evening Side Ave. in Henderson, NV.

4.      Defendant CITY OF NORTH LAS VEGAS is a governmental entity organized and existing under the laws of the State of Nevada, and is a political entity of the State of Nevada.

5.      Defendant, NLV SWAT is a department and agency of defendant, City of North Las Vegas and the defendant officers of NLV SWAT were the agents, employees of NLV SWAT.

6.      Upon arrival, NLV SWAT was informed that the domestic suspect (later identified as Philip White) had his four week old baby in the residence with him. No threats had been made to the baby and there was no logical reason to believe the baby was in danger. Henderson police wanted to talk to White about a domestic incident reported by his wife that morning.

7.      Shortly after the briefing, NLV SWAT noticed a male subject (Plaintiff Anthony Mitchell) inside 367 Evening Side taking pictures and/or video of NLV SWAT (Anthony was fully inside his residence).

8.      During the domestic situation two doors down from Anthony Mitchell, defendants requested Anthony Mitchell to permit them to enter and occupy his home so they could gain a tactical advantage over his neighbor and Anthony Mitchell denied the defendants permission to enter his home during the domestic event.

9.      Just before the peaceful resolution of the domestic situation two doors down from Anthony at the home of Philip White, defendants forcibly entered plaintiff Anthony Mitchell's residence without a warrant, without consent, without evidence that any crime had been committed, without emergency exception, without exigency or other just cause and arrested plaintiff Anthony Mitchell, used excessive force in the process by various techniques including

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

shooting him with pepper balls, aiming at-least 4 assault rifles at him and at-least two officers dropping their full weight on the small of Anthony's back during their forcible un-lawful arrest.

10.   Defendants also shot Anthony Mitchell's dog with pepper balls even though this obedient, trained, female, non-aggressive, certified service animal posed no threat to the defendants at any time.

11.   Plaintiff, Anthony Mitchell, was arrested in his home following the entry by defendants without a warrant, without consent, without evidence that any crime had been committed, without emergency exception, without exigency or other just cause.

12.   Plaintiff, Linda Mitchell was forcibly removed from her home by grabbing her arm and pulling her against her will to the police command post.

Plaintiff, Michael Mitchell was arrested at the direction of and with the help of defendants and charged with various offenses stemming from the domestic situation responded to by defendants.

13.   Defendants had no probable cause for the arrest of either Anthony Mitchell or Michael Mitchell.

14.   Both Anthony Mitchell and his father, Michael Mitchell were taken to the police department and placed in the solitary segregation unit of the jail in separate cells where they remained for approximately 9 hours until their bond was posted and they were released.

15.   Plaintiff, Anthony Mitchell, was denied his medication for seizures while he was in custody despite his verbal and written requests for such medication. This was a direct result of being placed under arrest by and ultimately jailed by defendants.

16.   All charges stemming from the arrest of plaintiffs on the day of the incident were dismissed with prejudice by the court and prosecutor's office.

17.   All charges stemming from the arrest of the Philip White were dismissed with prejudice.

18.   Defendants saw Anthony Mitchell extend his middle finger "flip them off" from the inside of his home, behind the window. The defendants saw this from the street.

19.Defendants saw Anthony Mitchell photographing them.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

20.     Defendants pointed an AR15/M16 style rifle in the direction of and at Anthony Mitchell while he was inside his home, behind a window and not known to be armed in any manner.

21.     Defendants pointed their weapons at plaintiff's Michael Mitchell and Linda Mitchell who were at all times in their home and unarmed, known to be photographing and documenting the egregious activities of the defendant officers.

22.     During the event conducted by NLV SWAT in connection with Philip White, Plaintiff, Anthony Mitchell contacted Fox 5 Vegas KVVU news and made them aware of the situation and defendants were aware that plaintiff had done so.

23.     Defendants searched Anthony Mitchell's home without a warrant, consent, emergency exception, evidence that any crime had been committed by plaintiffs, exigency or other just cause.

24.     Defendants photographed the inside of Anthony Mitchell's Home without a warrant, consent, emergency exception, evidence that any crime had been committed by plaintiffs, exigency or other just cause.

25.     Defendants photographed the inside of Anthony Mitchell's Truck without a warrant, consent, emergency exception, evidence that any crime had been committed by plaintiffs, exigency or other just cause.

26.     Defendants photographed the inside of Michael Mitchell's Truck without a warrant, consent, emergency exception, evidence that any crime had been committed by plaintiffs, exigency or other just cause.

27.     Defendants saw Michael Mitchell photographing them, Michael was inside his home and officers were in the street.

**Defendants' Objections:**

Defendants object to Plaintiffs' proposed admitted facts 6, 9, 10, 22, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26 and 27  which are not admitted and/or not relevant to any issue in the case.  After a good faith attempt to meet and confer regarding the inclusion of these paragraphs in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the admitted facts of the Joint Pre Trial Order, the parties were unable to come to agreement and so Defendants submit this objection.

**For Defendants:**

1.    On July 10, 2011, the Henderson Police Department called the NLVPD SWAT team for assistance in dealing with an "armed barricaded subject" at 363 Evening Side Ave. in Henderson, NV.

2.    Upon arrival, NLV SWAT was informed that the barricaded suspect (later identified as Philip White) had his four week old baby in the residence with him, creating a hostage situation.

3.    Henderson police wanted to talk to White about a domestic violence incident reported by his wife that morning.

4.    NLV SWAT was also told that White had a personal relationship with the residents of 362 and 367 Evening Side who were communicating with him and possibly providing tactical information regarding the location and movement of both SWAT teams.

5.    Shortly after the briefing, NLV SWAT noticed a male subject (Plaintiff Anthony Mitchell) inside 367 Evening Side taking pictures and/or video of NLV SWAT and their position.

6.    Anthony Mitchell was taking pictures through a window configured to serve as a "sniper blind".

7.    Based upon the representations of the Henderson SWAT team, NLV SWAT considered this a safety issue for both the infant hostage and all officers present.

8.    In an attempt to prevent the dissemination of tactical information to the barricaded suspect, an NLV SWAT officer ordered Anthony Mitchell to move away from his window.

9.    Anthony Mitchell responded with a profane hand gesture and continued to take pictures and/or video of SWAT officer movement.

10.    The officer ordered Anthony Mitchell to move away from the window several more times and each time Mitchell refused.

11.     After several attempts to resolve the dangerous situation peacefully, NLV SWAT determined that Anthony Mitchell was a safety concern to everyone because he was relaying tactical information to the barricaded subject.

12.     Mitchell's behavior also divided the attention of NLV SWAT, forcing them to have two officers maintaining surveillance on Anthony's residence rather than dealing with the reported barricade/hostage situation.

13.     Since Anthony Mitchell refused to move away from his window, NLV SWAT determined that, in order to ensure the safety of the hostage and officers, it was appropriate to ask Anthony Mitchell to leave his house.

14.     In that regard, NLV SWAT walked toward Anthony Mitchell's residence.  The SWAT officers observed Mitchell through the garage window and ordered him to go to his front door so they could talk to him.

15.     The window was covered with a sunshade and had a large square cut out of the middle.

16.     The NLV SWAT team recognized it as a "sniper blind" which allows the person behind the blind to observe while at the same time limiting the ability to observe him.

17.     NLV SWAT approached the front door and knocked three times.

18.     After receiving no response, Officer Travis Snyder announced "open the door" twice.  Still there was no response.

19.     After receiving no cooperation or even a response from Anthony Mitchell, NLV SWAT officers forced open his front door with a metal ram.

20.     From the doorway, the officers saw Anthony walk out into the living area wearing ballistic body armor and talking on a cell phone.

21.     Officer Travis Snyder ordered Anthony Mitchell to get on the ground but he refused and continued talking on the phone.

22.     Officer Snyder repeated his command to Mitchell telling him to drop his phone and get on the ground.

23.     Anthony Mitchell got on the ground, but turned away from the officers and continued to talk on his cell phone.

24.     The NLV SWAT officers could not see Anthony Mitchell's hands so Officer Snyder ordered Mitchell to leave his cell phone and crawl to the front door.

25.     Anthony refused the officer's commands.

26.     Officer David Cawthorn thereafter deployed three pepperball rounds, striking Anthony in the shoulder, buttocks, and lower back.

27.     Only then did Anthony Mitchell drop his cell phone and put his hands out away from his body.

28.     NLV SWAT placed Anthony Mitchell under arrest for obstructing a police officer.

29.     A security sweep of the home, revealed several unsecured handguns and long guns.

30.     NLV SWAT officers found a loaded drum magazine and a partially loaded banana clip for an assault rifle with several loose rounds lying next to it.

31.     Laid out on the bed was a heavy tactical ballistic vest with a semi-automatic handgun in a holster and a taser attached to the vest.

32.     There was another black tactical vest found in a closet. Id.  Because of the nature and placement of the munitions, the NLV SWAT officer drew the conclusion that Mitchell was loading his weapons while officers from the Henderson and North Las Vegas police department were trying to deal with a dangerous hostage situation.

33.     NLV SWAT escorted Anthony Mitchell out of the residence and transferred him into the custody of the Henderson Police Department.

34.     Former North Las Vegas Police Lieutenant Anthony DiMauro was present at the scene of the incident and directed the NLV SWAT team from the command post.

35.     Upon arrival, Lt. DiMauro was informed that there was a domestic violence incident that went south involving an individual that had weapons and an infant in the home.

36.     DiMauro was told that the subject refused to leave the home and told police that they would have to "come in and get him out."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

37.     Henderson Police told DiMauro they thought neighbors were communicating with the barricaded suspect and informing him of the position and movement of the tactical team.

38.     Lt. DiMauro and NLV SWAT noticed Anthony Mitchell inside his house and taking pictures and video.

39.     Knowing that they were dealing with a possible hostage situation and weapons inside the home, the team tried to talk to Anthony through the window, but he refused to cooperate.

40.     DiMauro was informed by the NLV SWAT sergeant that, after breaching Anthony's door, they found weapons in the garage near the window through which Anthony was observing the incident.

41.     Anthony Mitchell admitted that, during the incident, he spoke with Phillip White (the barricaded subject) on multiple occasions.

42.     Among other things, Anthony Mitchell admittedly told White how many SWAT trucks were outside his home and his opinion that the situation was escalating.

43.     Anthony Mitchell testified that, at the time of the incident, he owned two tasers and numerous firearms, including an AR-15 and two AK-47s.

44.     Anthony Mitchell testified he kept all of his magazines loaded in case of emergency.

**Plaintiffs' Objections:**

Plaintiffs object to Defendants' proposed admitted facts 1-44 (ALL) which are not admitted and/or not relevant to any issue in the case. After a good faith attempt to meet and confer regarding the inclusion of these paragraphs in the admitted facts of the Joint Pre Trial Order, the parties were unable to come to agreement and so Plaintiffs submit this objection.

**IV.     UNCONTESTED FACTS**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

**V.     ISSUES OF FACT FOR TRIAL**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The following issues of fact are to be tried and determined upon trial:

**For Plaintiffs:**

1.      Whether defendants violated plaintiffs' Civil Rights

2.      Whether defendants used excessive force against plaintiff, Anthony Mitchell.

3.      Whether defendants unlawfully arrested plaintiffs, Anthony Mitchell and Michael Mitchell

4.      Whether defendants committed the act of assault against plaintiff, Anthony Mitchell.

5.      Whether defendants committed the act of battery against plaintiff, Anthony Mitchell.

6.      Whether defendants committed the act of assault against plaintiff, Michael Mitchell,

7.      Whether defendants committed the act of battery against plaintiff, Michael Mitchell.

8.      Whether defendants committed the act of assault against plaintiff, Linda Mitchell.

9.      Whether defendants committed the act of battery against plaintiff, Linda Mitchell.

10.      Whether defendants falsely arrested or imprisoned plaintiffs.

11.      Whether defendants conduct caused plaintiffs to suffer emotional distress.

12.      Whether defendants violated the constitutional and civil rights of plaintiffs.

13.      Whether defendants carried out de facto policies violating the constitutional rights of individuals and punishing persons who refused to obey police orders, whether such orders were lawful or not, by means of unlawful detention, arrest, search, assault, battery, excessive force and malicious prosecution.

14.      Whether defendants carried out de facto policies violating the constitutional rights of individuals by searching homes and ordering citizens to leave their homes without warrant, probable cause, exigency exception, emergency exception, evidence that any crime had been committed or other legal justification.

15.    Calculation of damages, including special damages, compensatory damages, punitive damages, market rate attorneys fees, and costs plus interest.

16.    Whether defendants unlawfully entered plaintiff, Anthony Mitchell's residence.

**For Defendants:**

1.    Whether Defendants contacted Anthony Mitchell before entering his house.

2.    Whether Defendants tried to talk to Anthony Mitchell before entering his house.

3.    Whether Defendants warned Anthony Mitchell before using force.

4.    Whether Defendants' actions in entering Plaintiff Anthony Mitchell's house without a warrant was reasonable.

5.    Whether the facts and circumstances justified entering Plaintiff Anthony Mitchell's house without a warrant.

6.    Whether Defendants' used reasonable force.

7.    Whether Defendants arrested Plaintiff Anthony Mitchell.

8.    Whether Defendants violated any clearly established law in entering Plaintiff Anthony Mitchell's house and using force once inside.

9.    Whether, under the circumstances presented in this case, a reasonable officer would have believed that Defendants' actions violated Plaintiff's civil rights

10.    Whether Plaintiff suffered an injury in fact

11.    Whether Defendants breached any duty owed to Plaintiff

12.    Whether Plaintiff suffered any damages in fact

13.    Whether Plaintiff mitigated his damages

14.    Whether the physical altercation between Defendants and Plaintiff Anthony Mitchell was instigated and/or escalated by Plaintiff

15.    Whether Defendants actions were based upon a good faith belief that the force used was necessary

16.    Whether Defendants acted in good faith

17.    Any issue of fact or law mistakenly included herein as "undisputed."



4851-5645-7620.1

17

18.     Defendants reserve the right to present any other disputed facts at trial, subject to appropriate objections and rulings.

19.     Any factual issue relevant and material to contested issues in the case that is not admitted by Plaintiff.

20.     Any other factual issue fairly raised by the evidence presented at trial.

**Plaintiffs' Objections:**

Defendants have submitted alleged issues which are either irrelevant or incorrect statements of the law or defense. While such allegations may be relevant and arguments defendants wish to argue at trial, they are not necessarily allegations that must be decided at trial or if decided at trial in defendants' favor will or should impact the verdict.

For example, whether or not defendants tried to talk to plaintiff, Anthony Mitchell before entering his house may be relevant to the issue, but it certainly not an issue that must be decided at trial. Defendants assertion here makes it appear that if it be determined at trial that defendants in fact 'tried to talk' to Anthony Mitchell before entering the house, the entry is therefore justified.

Item #3 implies that a 'warning' of Anthony Mitchell before the use of force somehow justifies or permits such use. This is not the case.

Item #4 is irrelevant as the issue of defendants conduct in entering the house without a warrant is whether the entry was 'lawful', not whether it was 'reasonable'.

Item #5 also misstates the law in that the question is not whether the facts and circumstances 'justified' entering Anthony Mitchell's house, but whether or not the entry without a warrant and without consent was lawful.

As to items #1, 2, and 7,  it is believed that these should be 'admitted' issues of fact and not for trial determination.

Plaintiffs object to items # 1-7, 13-16. As to items 8 and 9, it is believed these are no longer issues for trial due to the court's determination as to the inapplicability of Qualified Immunity.

## VI.     ISSUES OF LAW FOR TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The following are issues of law are to be tried and determined upon trial:

**For Plaintiffs:**

None.

**For Defendants:**

1.      Whether Defendants are entitled to qualified immunity for the purported violation of Plaintiff's constitutional rights.

2.      Whether Defendants needed a warrant to enter Plaintiff Anthony Mitchell's home.

3.      Whether the warrant requirement was excused by emergency or exigent circumstances.

4.      Whether the force Defendants used was excessive as measured against the Fourth Amendment.

5.      Whether each individual Defendant was personally involved in the incident described in the Complaint.

6.      Whether Defendants has probable cause to arrest Anthony Mitchell.

7.      Whether Defendants owed Plaintiff Anthony Mitchell any duty of care under the facts and circumstances of the case.

8.      Whether Defendants breached any duty of care to Plaintiff Anthony Mitchell under facts and circumstances of the case.

9.      Whether Defendants actions were legally justified in in light of the totality of circumstances.

10.     Whether Defendants' actions were privileged.

11.     Whether Defendants' actions were justified.

12.     Whether Defendants are entitled to discretionary immunity for the state law torts.

13.     Whether Defendants committed the state law tort of assault on Anthony Mitchell.

14.     Whether Defendants committed the state law tort of battery on Anthony Mitchell.

15.     Whether Defendants committed the state law tort of false imprisonment on Anthony Mitchell.



16.     Whether Defendants committed the state law tort of false arrest on Anthony Mitchell.

17.     Whether Defendants committed the state law tort of intentional infliction of emotional distress on Anthony Mitchell.

18.     Whether Defendants committed the state law tort of civil conspiracy on Anthony Mitchell.

19.     Whether Plaintiff has any compensable damages proximately caused by any wrongful act of Defendants.

20.     Whether Plaintiff is entitled to compensatory damages.

21.     Any other issue of law fairly raised by the evidence presented at trial.

22.     Any issue of law raised by the denials and/or affirmative defenses included in Defendants' Answer to First Amended Complaint.

23.     Defendants reserve the right to present any other issue of law at trial, subject to appropriate objections and rulings.

**Plaintiffs Objections:**

Defendants' alleged "issues of law for trial" are issues of fact to be decided by the jury, not issues of law to be decided by the court."

Plaintiff Objects to ALL.

**VII.   EXHIBITS FOR TRIAL**

**(a)     The following exhibits are stipulated into evidence in this case and maybe so marked by the clerk subject to the objections stated in (c) below:**

**Plaintiffs' exhibits:**

A. North Las Vegas Police Department report (no. 10710012809.1) related to the incident, 2 pages (Bates numbers 0001–0002).

B. Henderson Police Department reports related to the incident, 44 pages (Bates numbers 0003–0046), including:

        a. Booking Custody Record (DR Number 11-12591, Anthony Mitchell),

        b. Incident Report (Incident Number 11-12591, Michael Mitchell),

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

c. Incident Report (Incident Number 11-12593, Phillip White), and

d. Declaration of Arrest (DR 11-12591, Anthony Mitchell).

C. Henderson Municipal Court records (City v. Anthony Mitchell), 10 pages (Bates numbers 0047–0056), including:

a. Docket sheet (11CR009103),

b. Criminal complaint (11CR009103),

c. Docket sheet (11CR009104), and

d. Criminal complaint (11CR009104).

D. Henderson Municipal Court records (City v. Michael Mitchell), 4 pages (Bates numbers 0057–0060), including:

a. Docket sheet (11CR009107), and

b. Criminal complaint (11CR009107).

E. Medical billing statement for Anthony Mitchell, 3 pages (Bates numbers 0061–0063).

F. Digital photographs relating to the incident (Bates numbers 0064–0149).

G. Digital videos relating to the incident (Bates numbers 0150–0151).

H. Digital audio files relating to the incident, including:

a. Voicemail from Fox 5 News (Bates number 0152).

b. KNPR interview with HPD Chief Patrick Moers and Henderson City Manager Jacob Snow (Bates number 0153).

I. Physical evidence available for inspection at the offices of undersigned counsel, including:

a. Wood fragments originally part of Phillip White's house that were blasted throughout Michael and Linda Mitchell's property through the use of police weaponry, and

b. Rubber fragments (believed to be bomb casing material) that were distributed throughout Michael and Linda Mitchell's property after the bombs were detonated by police.

J. Expert Witness, Roger A. Clark exhibits:

Report authored by Roger A. Clark, dated April 10, 2016

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Roger A. Clark's Curriculum Vitae

Roger A. Clark's Fee Schedule

Roger A. Clark's Testimony List

K. Henderson Police Department – Administrative Report dated October 4, 2011.

L. Medical reports regarding treatment and medical assistance to Anthony Mitchell relative to injuries suffered as a result of the conduct of the defendants.

**Defendants' Exhibits:**

A.      North Las Vegas Police Department Report dated 07/10/11 and prepare by Officer David Cawthorn.  (NLV 1-2)

B.      CD with Photos (NLV 3)

    1.      Photos of 362 Evening Side

    2.      Photos of 367 Evening Side

    3.      Photos of 363 Evening Side

    4.      Photos taken by Officer Rockwell

C.      Affidavit of W. Ken Katsaris dated April 11, 2016. (12 pages)

    C1.      Curriculum Vitae of W. Ken Katsaris. (23 pages)

    C2.      Testimony History of W. Ken Katsaris. (22 pages)

    C3.      Fee Schedule of W. Ken Katsaris. (1 page)

D.      Declaration of David Cawthorn.

E.      Declaration of Anthony DiMauro.

**(b)      As to the following additional exhibits the parties have reached the stipulations stated:**

None.

**(c)      As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:**

**For Plaintiffs:**

1.      Affidavit of W. Ken Katsaris dated April 11, 2016. (12 pages)

    C1.      Curriculum Vitae of W. Ken Katsaris. (23 pages)


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    C2.  Testimony History of W. Ken Katsaris. (22 pages)

2    C3.  Fee Schedule of W. Ken Katsaris. (1 page)

3  Plaintiff objects to the testimony and report of this witness at this time until such time as

4 the witness is permitted to testify by this court pursuant to all applicable rules of procedure and

5 evidentiary objections to the qualifications and or relevance of the expert witness.

6  2.  Photos taken by Officer Rockwell  - subject to objections under all applicable rules

7 of evidence after such photos are submitted to plaintiff for review and inspection.

8  3.  North Las Vegas Police Department Report dated 07/10/11 and prepared by Officer

9 David Cawthorn. (NLV 1-2) - plaintiffs object to the admissibility of such report subject to

10 hearsay objection and other objections pursuant to the applicable federal rules of evidence to be

11 determined after review and inspection by plaintiff

12  4.  Declarations of David Cawthorn and Anthony DiMauro - plaintiffs object to the

13 admissibility of such declarations based on hearsay grounds and subject to all other applicable

14 federal rules of evidence.

15  **For Defendants:**

16  Defendants object to Plaintiff Anthony Mitchell's Proposed Exhibits B (and subparts), C

17 (and subparts), D (and subparts), H (and subparts), I (and subparts) and K on the basis that the

18 exhibits are not relevant to any contested issue between the parties since all claims against the City

19 of Henderson and individual City of Henderson police officers were dismissed.  Defendants also

20 object on the basis that the Proposed Exhibits B (and subparts), C (and subparts), D (and subparts),

21 H (and subparts), I (and subparts), and K contain inadmissible hearsay not subject to any

22 exception.

23  Defendants object to Plaintiff's Proposed Exhibits F, G, J, and L on the basis that they

24 contain inadmissible hearsay not subject to any exception and lack an appropriate foundation.

25  Defendants object to Plaintiff's Proposed Exhibits F and G on the basis that they are no

26 relevant to any issue in the case.

27  Defendant reserve their right to file a pre-trial motion in limine with respect to these

28 proposed Exhibits.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-5645-7620.1      23

The Parties reserve the right to object to the admissibility of evidence proffered by the other party based upon the Federal Rules of Evidence.

**(d)** **Electronic evidence: State whether the parties intend to present electronic evidence for purposes of jury deliberations.**

**(e)** **Depositions:**

    (1) **Plaintiff will offer the following depositions: (Identify the name of the deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.**

        None.

    (2) **Defendant will offer the following depositions: (Identify the name of the deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.**

    a.    The deposition of Anthony Mitchell.

    b.    The deposition of Linda Mitchell.

    c.    The deposition of Michael Mitchell.

    d.    The deposition of Suzette White.

    e.    The deposition of Phillip White, Jr.

The parties reserve the right to use any deposition testimony in lieu of live testimony should any deponent be unavailable for trial.  The parties reserve the right to use deposition testimony for refreshment and impeachment purposes.

**(f)** **Objections to Depositions:**

Plaintiff objects to the use of the above referenced depositions in their entirety except as shall be used for purposes of impeachment or refreshing of memory as allowed by applicable rules of procedure and evidence. Plaintiff objects to the use of any deposition in lieu of live testimony.

The parties reserve the right to make any objections at or before the time of trial.

**VIII.   WITNESSES FOR TRIAL**

The following witnesses may be called by the parties at trial:

**(a)** **Plaintiff's Witnesses**

1. Plaintiffs, Anthony Mitchell, Linda Mitchell and Michael Mitchell

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2. James Mitchell
235 South San Pedro #325
Los Angeles, California 90012

3. Person Most Knowledgeable for the City of Henderson
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

4. Person Most Knowledgeable for the City of Henderson and/or Custodian of Records
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

5. Person Most Knowledgeable for the Henderson Police Department and/or Custodian of Records
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

6. Jutta Chambers
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

7. Garrett Poiner
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

8. Ronald Feola
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

9. Ramona Walls
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

10. Angela Walter
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

11. Christopher Worley
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Las Vegas, Nevada 89106

12. Janette R. Reyes-Speer
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

13. Jacob Snow
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

14. Patrick Moers, Henderson Chief of Police
c/o Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

15. Person Most Knowledgeable for the City of North Las Vegas and/or Custodian of Records
c/o Lewis Brisbois Bisgaard & Smith
6385 South Rainbow, Suite 600
Las Vegas, Nevada 89118

16. Person Most Knowledgeable for the North Las Vegas Police Department and/or Custodian of Records
c/o Lewis Brisbois Bisgaard & Smith
6385 South Rainbow, Suite 600
Las Vegas, Nevada 89118

17. Joseph Chronister
c/o Lewis Brisbois Bisgaard & Smith
6385 South Rainbow, Suite 600
Las Vegas, Nevada 89118

18. Person Most Knowledgeable at Fox 5 News (KVVU)
FOX5 KVVU-TV
25 TV5 Drive
Henderson, Nevada 89014

19. Ashley L/N/U
FOX5 KVVU-TV
25 TV5 Drive
Henderson, Nevada 89014

20. Phillip White
363 Eveningside Avenue
Henderson, Nevada 89012


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21. Suzette White
363 Eveningside Avenue
Henderson, Nevada 89012

22. Raye Puckett
363 Eveningside Avenue
Henderson, Nevada 89012

23. Jeff Kwak
1122 Casady Hollow Ave.
Henderson, NV 89012

24. Lana Kwak
1122 Casady Hollow Ave.
Henderson, NV 89012

25. Frank Ramirez
45 Meleena Mesa #528
Henderson, Nevada

26. Dr. Alexander Janda
Advanced Spine & Rehabilitation
715 Mall Ring Circle, Suite 205
Henderson, Nevada 89014

27. William B. Terry, Esq.
530 South 7th Street
Las Vegas, Nevada 89101

28. Roger A. Clark (Expert Witness)
POLICE PROCEDURES CONSULTANT, INC.
10207 Molino Road
Santee, CA 92071

29. Sgt. Anthony Branchini
Henderson Police Department

30. Sgt. Spath
Henderson Police Department

31. Lt. Cassell
Henderson Police Department

32. 32. Cpt. Thompson
Henderson Police Department

33. All defendants in this action


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-5645-7620.1

34. All witnesses, including rebuttal and impeachment witnesses appearing on defendants' witness list or to be called as a witness in this case.

Defendants object to Plaintiff's Proposed Witnesses 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 27, 29, 30, 31, and 32 on the basis that their described testimony is not relevant to any issue in the case since all claims against the City of Henderson and individual City of Henderson police officers were dismissed.

Defendants reserve their right to file a pre trial motion in limine with respect to these witnesses.

**(b)    Defendant's Witnesses**

1.    Anthony Mitchell
       3501 Jack Northrop Avenue
       Suite KV342
       Hawthorne, CA 90250

2.    Linda Mitchell
       682 Scenic Tierra Lane
       Henderson, Nevada 89002

3.    Michael Mitchell
       682 Scenic Tierra Lane
       Henderson, Nevada 89002

4.    Suzette White
       363 Evening Side
       Henderson, Nevada 89012

5.    Phillip White, Jr.
       363 Evening Side
       Henderson, Nevada 89012

6.    Joseph Chronister
       North Las Vegas Chief of Police
       c/o Robert W. Freeman, Esq.
       LEWIS BRISBOIS BISGAARD & SMITH
       6385 S. Rainbow Blvd., Suite 600
       Las Vegas, Nevada 89118

7.    Sergeant Michael Waller
       c/o Robert W. Freeman, Esq.
       LEWIS BRISBOIS BISGAARD & SMITH
       6385 S. Rainbow Blvd., Suite 600
       Las Vegas, Nevada 89118

8.    Officer Drew Albers



c/o Robert W. Freeman, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

9.   Officer David Wayne Cawthorn
c/o Robert W. Freeman, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

10.  Officer Eric Rockwell
c/o Robert W. Freeman
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

11.  Officer Travis Snyder
c/o Robert W. Freeman, Esq,
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

12.  Lt. Anthony DiMauro
c/o Robert W. Freeman, Esq,
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

13.  Captain Dave Noahr
c/o Robert W. Freeman, Esq,
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

14.  Person Most Knowledgeable and/or
Custodian of Records
City of North Las Vegas
c/o Robert W. Freeman
LEWIS BRISBOIS BISGAARD & SMITH
6385 s. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

15.  Person Most Knowledgeable and/or
Custodian of Records
North Las Vegas Las Vegas Police Department
c/o Robert W. Freeman
LEWIS BRISBOIS BISGAARD & SMITH

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6385 s. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

16.   Person Most Knowledgeable and/or
      Custodian of Records
      North Las Vegas Police Department - Training
      1301 Las Vegas Blvd. North
      North Las Vegas, Nevada 89030

17.   W. Ken Katsaris
      P.O. Box 12008
      Tallahassee, FL 32317-2008
      (850) 224-2929

18.   Any and all witnesses named by the other parties to this action.

19.   Any and all of Plaintiff's past, present, or future treating physicians, medical care
      providers, or others that treated Plaintiff

20.   Any and all custodians of records and/or persons most knowledgeable for any and
      all of Plaintiff's past, present, or future treating physicians, medical care providers,
      or others that treated Plaintiff.

21.   Any and all custodians of records and/or persons most knowledgeable of any and
      all entities from which records may be obtained, including, but not limited to,
      employers, schools, government agencies, private entities, and/or insurance
      companies.

22.   Any and all witnesses, including rebuttal or impeachment witnesses, offered by the
      Plaintiff or other parties in this action.

Plaintiffs object to 14, 15, 16: the parties should be able to stipulate to the admissibility as
to most exhibits on both sides. This stipulation should be as to 'authenticity' only so as to avoid
the necessity of authenticating police records and reports, photographs, court records and the like.
The parties can still reserve any relevant objections as to the 'admissibility' of such exhibits as to
relevance and other applicable grounds.

Plaintiffs object to 20: past (prior to the incident), present (as of today) and future medical
records (in perpetuity) as they are certainly not relevant to this action. Only the records attached to
this action as exhibit(s) are relevant.

The parties reserve the right to object to any witnessed identified by either party.

…

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## IX.   PROPOSED TRIAL DATES

2      Counsel have met and submit a list of three agreed-upon trial dates.  Its is expressly

3   understood by the undersigned that the Clerk will set the trial of this matter on one of the agreed-

4   upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar:

5      **PARTIES REQUEST:**  The Attorneys or parties have met and jointly offer these trial

6   dates:

7      September 16, 2019

8      October 21, 2019

9      October 28, 2019

10      It is expressly understood by the undersigned that the court will set the trial of this matter

11   on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the

12   court's calendar.

13   ## X.   PROPOSED TRIAL DURATION

14      It is estimated that the trial herein will take a total of 5-7 days.

15      APPROVED AS TO FORM AND CONTENT:

16                              LEWIS BRISBOIS BISGAARD & SMITH LLP

17

18   By: */s/ Anthony Mitchell*              By:  */s/ Robert W. Freeman*

19      Anthony Mitchell                         Robert W. Freeman, Esq.
       3501 Jack Northrop Ave.                   Nevada Bar No. 3062

20      Suite KV342                              6385 S. Rainbow Blvd, Suite 600
       Hawthorne, CA 92050                      Las Vegas, Nevada 89118

21      *Plaintiff in Proper Person*            *Attorneys for Defendants*

22

23

24   By: *Michael Mitchell*                 By: *Linda Mitchell*

25      Michael Mitchell                         Linda Mitchell
       682 Scenic Tierra Lane                   907 Scenic Tierra Lane

26      Henderson, Nevada 89002                  Henderson, Nevada 89002
       *Plaintiff in Proper Person*             *Plaintiff in Proper Person*

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## XI.   ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on <u>September 23, 2019 at 9:00 a.m.</u> Calendar call shall be held on <u>September 17, 2019 at 8:45 a.m.</u> in courtroom 6C.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE
DATED: April 29, 2019

NOTICE: Due to the unusually large number of complex criminal cases set for lengthy trials before this Court, civil trials may possibly be held in a trailing status for months or be assigned to another District Court Judge for trial. Therefore, the Court strongly urges the parties to consider their option to proceed before a Magistrate Judge pursuant to Local Rule IB 2-2, in accordance with 28 USC Section 636 and FRCP 73.

The Clerk shall provide the parties with a link to AO 85 Notice of Availability, Consent and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge form on the Courts website.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW